# EXHIBIT B

McCARTHY LAW PLC

Ashley Tuchman, 258719
Garrett Charity, 285447
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
ashley.tuchman@mccarthylawyer.com
garrett.charity@mccarthylawyer.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 21 2016

Sherri R. Carter, Executive Officer/Clerk
By: Gloriella Robinson, Deputy

IN THE SUPERIOR COURT OF CALIFORNIA
LOS ANGELES COUNTY, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| CHRISSY SAMPAN fka CHRISSY CRUZ<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK AND TRANS UNION LLC,<br><br>Defendants. | Case No.: **16K15626**<br><br>COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 *et seq.* and CA Civ § 1785 *et seq.*)<br><br>Demand: Not to exceed $25,000<br><br>Limited Case |

TO JPMORGAN CHASE BANK AND TRANS UNION LLC:

Chrissy Sampan fka Chrissy Cruz ("Plaintiff"), by and through counsel, for causes of action against Defendants JPMORGAN CHASE BANK AND TRANS UNION LLC, and allege the following on information and belief:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. The Plaintiff is a consumer and a victim of inaccurate reporting by Defendants.

3. That Plaintiff received 1099-C's discharging the debts owed for the accounts.

4. That Plaintiff obtained his consumer credit reports, discovered that the accounts associated with the 1099-C's were being reported incorrectly, and filed disputes through the consumer reporting agencies.

5. That the Defendants willfully failed to correct the errors contained within the consumer credit reports and willfully failed to conduct a re-investigation upon receipt of disputes.

6. That the Defendants failed to maintain reasonable procedures to assure maximum accuracy of the information contained within the consumer credit reports.

## II. PARTIES

7. Plaintiff is a resident of California.

8. Defendant, JPMorgan Chase Bank ("Chase") has designated the following address for service: C T CORPORATION SYSTEM, 818 W 7TH ST STE 930, LOS ANGELES, CALIFORNIA, 90017.

9. Defendant, TRANS UNION LLC, ("Trans Union"), is a credit reporting agency, is no longer licensed to do business in California as a foreign corporation, and has an address of: TRANS UNION LLC, 555 WEST ADAMS ST, CHICAGO, IL 60661.

## III. JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA and CA Civ § 1785.33 of the CCRAA.

11. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

12. Venue is proper as the harm occurred in California and Defendants do business in California.

## IV. FACTUAL ALLEGATIONS

13. That on or around January 15, 2014, Chase issued a 1099-C, cancellation of debt, for Plaintiff's Chase account ending in 1825-3871 ("Account"). Exhibit A.

14. The 1099-C canceled the principal balance owed, excluding interest and fees.

15. The Identifiable Event Code on each 1099-C is marked "G". Exhibit A.

16. Code "G" on a 1099-C represents that the creditor has made a decision to discontinue collection of the debt and cancel the debt.

17. Subsequently, Defendant Chase submitted tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant Chase.

18. Due to the issuance of the form 1099-C, Plaintiff was obligated to pay income taxes to the

IRS on the cancelled debts.

19. It would be inequitable to the Plaintiff who had to pay income taxes on the cancelled debts, to then allow Chase who reported to the IRS that the indebtedness was cancelled, to also be allowed to collect the cancelled debts from the Plaintiff thereby creating a situation where the Plaintiff pays more than what was owed.

20. That Defendant Chase still reported a balance on Account, inclusive of interest and fees, on Plaintiff's consumer credit reports.

21. That in or about July 2016, Plaintiff obtained her consumer credit reports and discovered that Defendant Chase was inaccurately reporting the Account.

22. That Plaintiff sent a written dispute regarding the accuracy of the derogatory information reported by the Defendant Chase pertaining to the Account, to Defendant Trans Union. Exhibit B.

23. Upon information and belief, Defendant Trans Union forwarded at least a portion of Plaintiff's written dispute to Defendant Chase.

24. That Defendant Chase willfully failed to conduct a proper investigation and correct the inaccurate reporting of the Account to the consumer reporting agencies, to the detriment of the consumer Plaintiff. Exhibit C

25. That Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to consumer reporting agencies, Trans Union. Exhibit C.

26. That Defendant Trans Union failed to conduct a reasonable reinvestigation on the Account to the detriment of the consumer Plaintiff. Exhibit C

## V. FIRST CAUSE OF ACTION AS TO CHASE AND TRANSUNION: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et seq.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Defendant Trans Union is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f).

29. Plaintiff filed a dispute directly with Defendant Trans Union concerning the accuracy of the information contained within her consumer credit report regarding Account. Exhibit B.

30. That Defendant Chase willfully failed to conduct a proper investigation and correct the

1  inaccurate reporting of the Account to the consumer reporting agencies in violation of 15 U.S.C. § 1681S-2(b) and to the detriment of the consumer Plaintiff. Exhibit C

31. That Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agencies, as defined by 15 U.S.C. § 1681a, by continuing to report a balance on Account. Exhibit C

32. That Defendant Trans Union willfully failed to conduct a reasonable reinvestigation in violation of 15 U.S.C. § 1681i(a)(1)(A) to the detriment of the consumer Plaintiff. Exhibit C

33. That Defendant Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to the Account, in violation of 15 U.S.C. § 1681e.

34. That the foregoing acts and omissions of Defendants Chase and Trans Union constitute unacceptable violations of the FCRA.

### VI. SECOND CAUSE OF ACTION AS TO CHASE AND TRANS UNION: VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CA Civ § 1785.1 et seq.

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant Trans Union, is a credit reporting agency, as defined by CA Civ § 1785.3(d).

37. In accordance with CA Civ § 1785.16(a), Plaintiff filed a dispute directly with Defendant Trans Union as to the accuracy of the information contained within his consumer credit report, as defined by CA Civ § 1785.3(c), regarding Account. Exhibit B

38. That Defendant Chase is willfully reporting derogatory and inaccurate information about Plaintiff to one or more consumer credit reporting agencies, as defined by CA Civ § 1785.3(d), by continuing to report a balance on Account in violation of CA Civ § 1785.25(f). Exhibit C

39. Defendant Trans Union is willfully reporting derogatory and inaccurate information about Plaintiff to third-parties. Exhibit C

40. That Defendant Trans Union failed to conduct a reasonable investigation to correct the inaccurate and misleading reporting of the disputed Account in violation of CA Civ § 1785.16 to

the detriment of the consumer Plaintiff. Exhibit C

41. Defendant Trans Union willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of CA Civ § 1785.14.

42. The foregoing acts and omissions of Defendants Chase and Trans Union constitute unacceptable violations of the CCRAA.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act, and seek their statutory remedies as defined by 15 U.S.C. § 1681n and CA Civ § 1785.31, and demands:

### AS TO COUNT I:

1. Actual damages to be shown at trial, or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### AS TO COUNT II:

1. Actual damages, pursuant to CA Civ § 1785.31(a)(1) and CA Civ § 1785.31(a)(2), including court costs, loss of wages, attorney's fees, and pain and suffering;

2. Punitive damages, pursuant to CA Civ § 1785.31(a)(2)(B) and CA Civ § 1785.31(a)(2)(C), of not less than $100 and not more than $5,000 for each violation as the court deems proper, and any other relief that the court deems proper for Defendant's willful violation;

///
///
///

Respectfully submitted this 3 day of December, 2016.

MCCARTHY LAW, PLC

By: _____
Ashley Tuchman, Esq.
Garrett Charity, Esq.
Attorneys for Plaintiff